UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

George H. Kalberer,

        Plaintiff,

                                          Civ. No. 12-814 (RHK/JSM)
                                          **ORDER**

v.

Star Tribune and Teamsters Local 120,

        Defendants.

---

      In this action, Plaintiff George H. Kalberer has sued his former employer (the Star Tribune newspaper) and his union (Teamsters Local 120), asserting that he was discriminated against and ultimately fired on account of his age.  Kalberer's application to proceed *in forma pauperis* was granted by Magistrate Judge Mayeron on April 3, 2012, and he was then provided with forms to enable the United States Marshal's Service to effect service of process.  The docket includes proof of service on the Star Tribune dated April 20, 2012 (see Doc. No. 6), but no proof of service on Teamsters Local 120 has been filed.

      Kalberer now moves for the entry of a default judgment against Teamsters Local 120 (Doc. No. 13), but that request must be denied.  Federal Rule of Civil Procedure 4(l) requires that proof of service – in the form of an affidavit by the process server – be filed with the Court, yet no such affidavit is found in the record here.  And without competent proof of valid service, Kalberer cannot obtain a default judgment against Teamsters Local

- 2 -

120.  See, e.g., Gold Kist, Inc. v. Laurinburg Oil Co., 756 F.2d 14, 19 (3d Cir. 1985) ("A default judgment entered when there has been no proper service of the complaint is, *a fortiori*, void.").[1]

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Kalberer's Motion (Doc. No. 13) is **DENIED**, without prejudice to being renewed upon a proper showing of service of process on Teamsters Local 120.

Dated:  May 30, 2012                              s/Richard H. Kyle
                                                  RICHARD H. KYLE
                                                  United States District Judge

---

[1] Kalberer *does* aver by Affidavit that "service of process was had on [Teamsters Local 120] on 4/16/2012." (Doc. No. 14.)  This does not suffice.  Because Rule 4(l) requires an affidavit *from the process server*, Kalberer's Affidavit would be sufficient only if he effected service himself, rather than through the U.S. Marshal.  Yet, such service would be improper.  See Fed. R. Civ. P. 4(c)(2) (service may be made by "[a]ny person who is at least 18 years old *and not a party*") (emphasis added).