# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

George H. Kalberer,

        Plaintiff,

                                  Civ. No. 12-814 (RHK/JSM)
                                  **ORDER**

v.

Star Tribune and Teamsters Local 120,

        Defendants.

---

       This matter is before the Court *sua sponte*.

       Each Defendant has filed a Motion to Dismiss this action (see Doc. Nos. 18, 30), primarily arguing that Plaintiff's claims are time-barred.  On June 18, 2012, Plaintiff moved for an extension of time to file his response to the Motions (see Doc. No. 28), which was granted; the deadline for Plaintiff to respond was continued to August 1, 2012.

       On July 27, 2012, shortly before that deadline, Plaintiff filed a document styled as a "Motion for Summary Judgment," along with a supporting Memorandum.  (Doc. Nos. 35, 36.)  The timing, sum, and substance of these submissions, however, suggested that Plaintiff was not, in fact, moving for summary judgment, but rather simply responding to Defendants' Motions to Dismiss.  Indeed, Plaintiff's Memorandum argued at length that his claims were not untimely, thereby addressing Defendants' key argument for

dismissal.[1]  Furthermore, in several respects Kalberer's "Motion" did not comply with the Court's Local Rules or the undersigned's procedures for dispositive Motions, including failing to secure a hearing date and failing to file a Notice of Motion.

Based on the foregoing, and all the files, records, and proceedings herein, the Court construes Plaintiff's "Motion for Summary Judgment" as a response to Defendants' Motions to Dismiss.  To the extent Plaintiff wishes to move for summary judgment, he shall serve and file such a motion in accordance with the Court's Local Rules and the undersigned's dispositive-motion practice Order (Doc. No. 40).  The Court expresses no opinion whether summary judgment for Plaintiff would be appropriate at this juncture, but it notes that summary judgment is proper only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

Dated:  August 23, 2012                                s/Richard H. Kyle
                                                                           RICHARD H. KYLE
                                                                           United States District Judge

---

[1] Defendant Star Tribune interpreted Plaintiff's filings in the same fashion.  (See Doc. No. 39 at 2 n.1 ("In substance, Kalberer's summary judgment memorandum states his arguments for why his claims should not be dismissed.  The Star Tribune will treat Kalberer's motion and memorandum as [his] response to its motion to dismiss.") (internal citation omitted).)