# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

George H. Kalberer,

        Plaintiff,

v.

Star Tribune and Teamsters Local 120,

        Defendants.

Civ. No. 12-814 (RHK/JSM)
**MEMORANDUM OPINION AND ORDER**

George H. Kalberer, Plaintiff *pro se*, Northfield, Minnesota.

Alissa M. Raddatz, Sean R. Somermeyer, Faegre Baker Daniels LLP, Minneapolis, Minnesota, for Defendant Star Tribune.

Martin J. Costello, Katrina E. Joseph, Blaine, Minnesota, for Defendant Teamsters Local 120.

## INTRODUCTION

The Plaintiff in this action, George Kalberer, was employed by Defendant Star Tribune, a local newspaper, in its mailroom. In August 2009, the Star Tribune reduced Kalberer's hours from full-time to part-time, eventually leading him to resign his employment in April 2010. Kalberer's union, Defendant Teamsters Local 120 (the "Union"), filed a grievance challenging this change in employment status, but it was withdrawn in February 2011.

On March 30, 2012, almost two years after resigning his employment, Kalberer commenced the instant action *pro se*, alleging that the Star Tribune and the Union had

violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* He also asserted that he "would like [his] complaint to be considered a breach of contract complaint if [his] age discrimination complaint is not timely." Both Defendants now seek dismissal of Kalberer's claims based on the relevant statutes of limitations. For the reasons that follow, their Motions will be granted.

## BACKGROUND[1]

Prior to August 1, 2009, Kalberer worked full-time in the Star Tribune's mailroom. On August 1, 2009, his hours were reduced, as well as those of several other mailroom employees, from full-time to part-time, allegedly (according to the Complaint) in an effort to replace "the older workers with cheaper younger workers." This reduction was a "huge set back" for Kalberer. Ultimately, he resigned his position on April 5, 2010.

On August 9, 2010, the Union filed a grievance on behalf of Kalberer and all other mailroom workers whose hours had been reduced from full-time to part-time.[2] The Union agreed to withdraw that grievance with prejudice on February 14, 2011, pursuant

---

[1] Kalberer's Complaint is on a form provided by the Clerk of the Court, with an attached two-page statement containing 5 unnumbered paragraphs discussing the basis for his claims. Shortly after filing the Complaint, Kalberer filed another document styled as a "Jurisdictional Statement," in which he sets forth additional factual detail for his claims. (Doc. No. 5.) Unless otherwise indicated, the facts recited herein are taken without citation from the two-page statement attached to the Complaint and/or the later-filed "Jurisdictional Statement."

[2] The Complaint and the Jurisdictional Statement allege that the Union "failed to represent" these employees and "did absolutely nothing" to enforce the collective-bargaining agreement between it and the Star Tribune. In his response to the instant Motions, however, Kalberer has attached a copy of the grievance and has acknowledged that it was filed on his behalf and that of the other affected mailroom workers. (Pl. Mem. (Doc. No. 36) ¶¶ 4-9 & Ex. C.)

to a Memorandum of Understanding resolving a number of outstanding claims between it and the Star Tribune. (Walstead Aff. ¶¶ 9-10 & Exs. D-E.)

One year later, on August 9, 2011, Kalberer filed a charge of age discrimination with the Equal Employment Opportunity Commission ("EEOC"), asserting that the Star Tribune had "reduced [his] job from a full-time job to a part-time position" and "laid off older employees and replaced them with younger employees so it could cut labor costs." (Id. Ex. F.) On December 9, 2011, the EEOC dismissed Kalberer's charge as untimely. (Id. Ex. G.)

Kalberer filed the instant action *pro se* on March 30, 2012, alleging that the Star Tribune and the Union had discriminated against him on account of his age in violation of the ADEA. Apparently recognizing his significant delay in filing suit, he asked that his Complaint be construed as asserting a claim for breach of contract in the event the Court were inclined to conclude his "age discrimination [claim] is not timely." Defendants now seek dismissal, arguing *inter alia* that Kalberer's claims, regardless of how construed, are time-barred.

## STANDARD OF DECISION

**I.     Dismissal or summary judgment?**

This case finds itself before the Court in a somewhat unique procedural posture. The Union has moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), relying solely on Kalberer's Complaint and his "Jurisdictional Statement" to support its arguments. The Union's Motion, however, addresses only the claim expressly pleaded, that is, the alleged violation of the ADEA – it does not discuss Kalberer's request that the

Court construe his Complaint to assert a breach-of-contract claim if the ADEA claim is untimely. The Star Tribune, on the other hand, addresses *both* claims in its Motion, but it invokes Rule 12(b)(6) *and*, alternatively, Rule 56 (summary judgment). And in connection with its Motion, the Star Tribune has submitted evidentiary matter beyond the pleadings.

Kalberer responded to the Motions by filing what he styled as a "Motion for Summary Judgment" and supporting documents. (Doc. Nos. 35-37.) Despite the label, it is clear that Kalberer actually was opposing the pending Motions and not seeking judgment in his favor. Indeed, his submissions primarily argue that his claims are timely, thereby responding to Defendants' arguments for dismissal. Accordingly, the Court has construed his submissions as a response to Defendants' Motions. (See Doc. No. 42.) And along with those submissions, Kalberer has submitted evidentiary material, including his own Affidavit. (Doc. No. 37, Ex. G.)

The foregoing implicates Federal Rule of Civil Procedure 12(d). That Rule provides that when "matters outside the pleadings are presented to and not excluded by the court" on a motion to dismiss, the motion "must be treated as one for summary judgment under Rule 56." The Court enjoys "complete discretion" whether to exclude the material and proceed under Rule 12 or consider it and proceed under Rule 56. Stahl v. U.S. Dep't of Agric., 327 F.3d 697, 701 (8th Cir. 2003). Here, most of the extra-pleading material before the Court bears directly on the controlling legal issue – the timeliness of Kalberer's claims – and Kalberer had the opportunity to submit, and in fact

did submit, evidence regarding that issue. Accordingly, the Court will consider the material and resolve the instant Motions under Rule 56.

## II. Standard for summary judgment

Summary judgment is proper if, drawing all reasonable inferences in favor of the nonmoving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The moving party bears the burden of showing that the material facts in the case are undisputed. Id. at 322; Whisenhunt v. Sw. Bell Tel., 573 F.3d 565, 568 (8th Cir. 2009). The Court must view the evidence, and the inferences that may be reasonably drawn from it, in the light most favorable to the nonmoving party. Weitz Co., LLC v. Lloyd's of London, 574 F.3d 885, 892 (8th Cir. 2009); Carraher v. Target Corp., 503 F.3d 714, 716 (8th Cir. 2007). The nonmoving party may not rest on mere allegations or denials, but must show through the presentation of admissible evidence that specific facts exist creating a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Wingate v. Gage Cnty. Sch. Dist., No. 34, 528 F.3d 1074, 1078-79 (8th Cir. 2008).

## ANALYSIS

## I. The ADEA claims

An individual asserting an ADEA violation must file a charge of discrimination with the EEOC "within 300 days after the alleged unlawful practice occurred." 29 U.S.C.

- 5 -

§ 626(d)(1)(B); Dorsey v. Pinnacle Automation Co., 278 F.3d 830, 835 (8th Cir. 2002).[3] This period is "functionally equivalent to a statute of limitations. Consequently, a claim is time-barred if it is not filed within [this] time limit[]." Wilson v. Brinker Int'l, Inc., 382 F.3d 765, 769 (8th Cir. 2004) (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)).

The Court agrees with Defendants that Kalberer's ADEA claims here are untimely. All of the allegedly discriminatory conduct occurred during his employment,[4] which ended on April 5, 2010. Yet, he did not file his EEOC charge until August 9, 2011, more than a year later. The ADEA claims, therefore, fail as a matter of law.

Kalberer points to the "right to sue" letter he received from the EEOC in an attempt to avoid dismissal, but that letter does not alter the analysis. A "right to sue" letter simply creates a *second, additional* time limitation for an ADEA plaintiff: suit must be filed within 90 days of receiving such a letter. 29 U.S.C. § 626(e); Anderson v. Unisys Corp., 47 F.3d 302, 304 n.5 (8th Cir. 1995). A "right to sue" letter cannot transform untimely allegations into timely ones; "[w]hat matters is when the discrimination occurred *vis-a-vis* the date of the charge." Qu v. Bd. of Regents of Univ. of Minn., Civ. No. 08-1843, 2009 WL 2900334, at *4 (D. Minn. Sept. 2, 2009) (Kyle, J.)

---

[3] In some instances not relevant here, the deadline for filing is 180 days. See, e.g., Dring v. McDonnell Douglas Corp., 58 F.3d 1323, 1327 (8th Cir. 1995).

[4] The last line of Kalberer's Complaint asserts that he was "harassed . . . after [he] left the Star Tribune." His EEOC charge, however, nowhere even remotely suggested such harassment and, hence, he cannot seek relief for it here. See, e.g., Duncan v. Delta Consol. Indus., Inc., 371 F.3d 1020, 1025 (8th Cir. 2004) ("Allegations outside the scope of the EEOC charge . . . circumscribe the EEOC's investigatory and conciliatory role, and for that reason are not allowed.") (citations omitted), abrogated on other grounds by Torgerson v. City of Rochester, 643 F.3d 1031 (8th Cir. 2011) (*en banc*).

(internal citations omitted). Here, all alleged discrimination occurred more than 300 days prior to Kalberer filing his charge with the EEOC.

Kalberer also argues that the Union grievance, which was filed on August 9, 2010, "would have been timely . . . if it had been filed as a[n] EEOC" charge. But this also does not aid his cause – indeed, it underscores that a timely filing was *not* made with the EEOC. The EEOC filing requirement serves an important function: alerting the agency to the possibility of discrimination, so that it may accomplish its "investigatory and conciliatory role." Wallin v. Minn. Dep't of Corr., 153 F.3d 681, 688 (8th Cir. 1998). The Court cannot simply overlook that requirement, even for a *pro se* plaintiff.[5]

Kalberer also argues that the Court should apply equitable estoppel and/or equitable tolling to save his claims. Equitable estoppel tolls the 300-day limitations period where "the employee's failure to file in a timely fashion is the consequence of either a deliberate design by the employer or of actions that the employer should unmistakably have understood would cause the employee to delay filing his charge." Dring v. McDonnell Douglas Corp., 58 F.3d 1323, 1329 (8th Cir. 1995). It is properly invoked when a plaintiff is "lulled or tricked into letting the EEOC filing deadline pass because of some employer misconduct." Id. Here, Kalberer has alleged no wrongdoing

---

[5] Nor can Kalberer attempt to bootstrap his untimely claims to those of other mailroom workers by alleging a "pattern or practice" of discrimination. See, e.g., Craik v. Minn. State Univ. Bd., 731 F.2d 465, 469 (8th Cir. 1984) (pattern-or-practice cause of action not available to individual, non-class plaintiffs).

or other misconduct on the part of either the Star Tribune or the Union that caused him to delay filing his charge.[6]

Equitable tolling is equally unavailing. That doctrine applies "when the plaintiff, despite all due diligence, is *unable to obtain* vital information bearing on the existence of his claim." Id. at 1328 (emphasis added). It is "reserved for circumstances that are truly beyond the control of the plaintiff." Shempert v. Harwick Chem. Corp., 151 F.3d 793, 798 (8th Cir. 1998) (internal quotation omitted). Kalberer asserts that he did not learn of the ADEA until 2011, but neither ignorance of the law nor *pro se* status "justif[ies] equitable tolling." Stewart v. Domtar Indus., Inc., 228 F. App'x 626, 627-28 (8th Cir. 2007) (*per curiam*) (citations omitted). Kalberer also argues that he had no reason to "suspect [he] had a valid . . . [a]ge [d]iscrimination claim until January 2011," yet he alleges in his Complaint that he was told in August 2009 that mailroom employees were being reduced from full-time to part-time in an effort to weed out "older workers [who] were paid more than newly hired younger workers." Kalberer's argument simply does not hold water.

For all of these reasons, Kalberer's ADEA claims are untimely and must be dismissed.

---

[6] Shortly before this Order was docketed, Kalberer filed an Amended Motion for Summary Judgment and supporting Memorandum (Doc. Nos. 43-44) in which he argued that he was "actively mislead [*sic*] by fraudulent concealment." (Doc. No. 44 ¶ 26.) That so-called "fraudulent concealment" was the Union's denial of "the existence of" the collective-bargaining agreement between it and the Star Tribune. (Id. ¶ 27.) Even accepting his contention as true, Kalberer has nowhere explained how this "concealment" prevented him from filing a charge of discrimination with the EEOC.

## II.    Breach of contract

As noted above, Kalberer has requested the Court to construe his Complaint as alleging a claim for breach of contract in the event it were to conclude his "age discrimination [claim] is not timely." *Pro se* pleadings are to be construed liberally, e.g., Mayer v. Countrywide Home Loans, 647 F.3d 789, 793 (8th Cir. 2011), and hence the Court will grant Kalberer's request and construe the Complaint as asserting a claim for breach of contract.

Nevertheless, such a claim fails. The only contract identified in the Complaint is the collective-bargaining agreement between the Union and the Star Tribune. A claim for breach of that agreement must be brought under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. See, e.g., Livadas v. Bradshaw, 512 U.S. 107, 121-22 (1994); Trs. of Twin City Bricklayers Fringe Benefit Funds v. Superior Waterproofing, Inc., 450 F.3d 324, 330 (8th Cir. 2006); see also Jones v. United Parcel Serv., Inc., 461 F.3d 982, 994-95 (8th Cir. 2006) (applying § 301 to claim that employer violated collective-bargaining agreement by discriminating against plaintiff based on age). "Congress enacted § 301 to provide federal jurisdiction over 'suits for violation of contracts between an employer and a labor organization,' in order to fashion a body of federal common law for the purpose of resolving labor disputes in a uniform manner across the country." Superior Waterproofing, 450 F.3d at 330 (quoting 29 U.S.C. § 185). In recognition of this legislative goal, "any state law claim founded on rights created by a [collective-bargaining agreement] is preempted under § 301, as well as any claim whose

resolution is substantially dependent upon or inextricably intertwined with interpretation of the terms of such an agreement." Id. (citations omitted).

Section 301 contemplates two types of claims: "an action against the union for breach of its *duty of fair representation*, and an action against the employer for breach of *the collective bargaining agreement*." Id. (emphases added). Yet, each such claim subsumes the other, because "[i]n order to prevail against *either* the employer *or* union, the employee must prove *both* that the union breached its duty of fair representation *and* that the employer breached the collective bargaining agreement." Scott v. United Auto., 242 F.3d 837, 839 (8th Cir. 2001) (emphases added) (citing Vaca v. Sipes, 386 U.S. 171, 186-87 (1967)); accord, e.g., Waldron v. Boeing Co., 388 F.3d 591, 594 (8th Cir. 2004) ("[T]he employee, in order to bring an individual suit directly against the employer for breach of the CBA, must allege and prove the union breached its duty of fair representation."). Hence, even though Kalberer has alleged no claim for breach of the duty of fair representation,[7] it is a necessary element of his claim that the Star Tribune breached the collective-bargaining agreement.

And therein lies the rub. Claims under Section 301 are "governed by [a] six-month statute of limitations," which begins to run "when the employee 'should reasonably have known of the union's alleged breach.'" Scott, 242 F.3d at 839 (quoting

---

[7] In his newly filed Amended Motion for Summary Judgment, Kalberer claims that the Union was "listed as a defendant because of a breach of a duty of fair representation." (Doc. No. 43.) But no such claim is alleged in either the Complaint or the Jurisdictional Statement, and the Court will not permit Kalberer to amend his pleadings through his Motion papers. See, e.g., McClennon v. Kipke, 821 F. Supp. 2d 1101, 1109 (D. Minn. 2011) (Kyle, J.) (plaintiff may not "re-cast the contours of [his] claim through his summary-judgment brief"); Ellering v. Sellstate Realty Sys. Network, Inc., 801 F. Supp. 2d 834, 844 n.10 (D. Minn. 2011) (Kyle, J.) (same).

Evans v. Nw. Airlines, Inc., 29 F.3d 438, 441 (8th Cir. 1994)). While the exact parameters of Kalberer's claim are unclear, any "breach" of the Union's duty must have occurred no later than February 14, 2011, when it withdrew the grievance filed on Kalberer's (and others') behalf. See id. (date union decided not to pursue grievance triggered statute-of-limitations clock for § 301 claim). Kalberer did not commence this action until more than a year later. Accordingly, any claim for breach of the collective-bargaining agreement is untimely.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that the Star Tribune's Motion to Dismiss, or in the Alternative, for Summary Judgment (Doc. No. 18) and the Union's Motion to Dismiss (Doc. No. 30) are **GRANTED**, and Kalberer's Complaint (Doc. No. 1) is **DISMISSED WITH PREJUDICE**. Kalberer's Motion for Summary Judgment (Doc. No. 35) and Amended Motion for Partial Summary Judgment (Doc. No. 43) are **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date: September 4, 2012           s/Richard H. Kyle
                                  RICHARD H. KYLE
                                  United States District Judge